No. 430

GALLIER v. GALLIER

Ohio Appeals, 6th Dist., Lucas Co.

No. 1860. Decided May 2, 1927

413. DIVORCE & ALIMONY—Although a decision of a lower court in a divorce and alimony action is manifestly against the weight of the evidence, a reviewing court cannot reverse same as to alimony unless there is a unanimous opinion of the court.

62. ALIMONY—Although the majority of a reviewing court are of the opinion that the verdict in an alimony action is manifestly against the weight of the evidence, they cannot reverse same without a unanimous opinion, but they may remand same for further proceedings as to the amount of the alimony.

First Publication of this Opinion

RICHARDS, J.

Pearl Gallier, the defendant in error, Aug. 12, 1926, commenced an action for divorce against James Gallier based on the ground of extreme cruelty. In the trial court James Gallier challenged the jurisdiction of the court, based on the claimed non-residence of Pearl Gallier and, after that contention was decided against him, filed an answer and cross petition denying the allegations of the petition and asked for divorce on the grounds of gross neglect of duty and adultery. The trial court dismissed the cross-petition, granted a divorce to Mrs. Gallier on the ground of extreme cruelty and awarded her as alimony an undivided one-half of a tract of eighty acres of land situated in Wood County and $1500 in money, together with all her personal belongings, gifts and keepsakes.

The Court of Appeals held:

1. A majority of the court are of the opinion that the finding by the trial judge that she was a bona fide resident of Lucas County prior to the filing of the petition is manifestly against the weight of the evidence, and that the divorce granted upon the ground of extreme cruelty was against the evidence.

2. However, it requires unanimous action of the Court of Appeals to reverse a judgment on the weight of the evidence, and for this reason the judgment is not reversed on these grounds.

3. The majority of the court is also of the opinion that the amount allowed by the trial court is excessive and manifestly against the weight of the evidence.

4. For that reason the judgment as to the amount of the alimony is reversed and the cause remanded for retrial as to the amount of the alimony to be awarded. The majority of the Court being of the opinion that she is not entitled to alimony; but it also requires a unanimous action of the Court of Appeals to reverse.

5. Because of the inability of the court to reverse a judgment on the weight of the evidence without unanimous action, the judg-

ment granting the divorce will be affirmed and the finding that the plaintiff is entitled to alimony will be affirmed, but the judgment will be reversed as to the amount of alimony and remanded for retrial on that issue.

Judgment accordingly.

(Williams, J., concurs.)

6. Richards and Lloyd, JJ., concur in the reversal as to the amount of alimony but dissent from judgment finding that the court had jurisdiction and that the plaintiff was entitled to a divorce.

Attorneys—Curtis T. Johnson, Toledo, and Edward M. Fries, Bowling Green, for James Gallier; E. D. Bloom, Bowling Green, H. F. Miller and Fraser, Hiett, Wall & Effler, Toledo, for Pearl Gallier.